UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TODD PAULIN,

       Petitioner,

       v.

UNITED STATES OF AMERICA

       Respondent.

04 Civ. 8296 (SCR)(MDF)

<u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

---

STEPHEN C. ROBINSON, District Judge:

## I. Background

This case was referred to Magistrate Judge Mark D. Fox for the issuance of a report and recommendation as to the petition, pursuant to 28 U.S.C. § 2255, brought by Todd Paulin (the "Petitioner"). The Petitioner has filed an application to set aside the sentence he received from this Court after he pleaded guilty to one count of Using a Telephone in Connection with the Conspiracy to Distribute Narcotics, 21 U.S.C. § 843(b), which carries a maximum penalty of four (4) years imprisonment. When sentenced by this Court, the Petitioner received a four-year term of incarceration. This order addresses the Report and Recommendation dated April 13, 2005, in which Judge Fox recommends that the § 2255 application should be denied.

## II. Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Here, the Plaintiff has not objected to Judge Fox's recommendation.

## III. Discussion

As part of his plea agreement, the Petitioner promised not to "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Sentencing range." As the stipulated sentencing range was in excess of the statutory maximum of 48 months for the offense, the Petitioner and the Government, in effect, had agreed to accept the statutory maximum sentence. Accordingly, the Petitioner does not and cannot challenge the validity of his plea, nor does he pursue a direct appeal. The Petitioner's application instead has its origins in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), having been filed prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The Court in *Booker* rendered the sentencing guidelines advisory, and, according to the Court of Appeals for the Second Circuit, entitled those pending on direct appeal to a remand. *See United States v. Crosby*, 397 F.3d 103, 118 (2d Cir. 2005). In his recommendation, Judge Fox notes that the Second Circuit held that *Booker* does not apply retroactively to cases on collateral review. *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005).

Judge Fox recommends that the Petitioner's motion be denied because the option of preserving a constitutional challenge to the guidelines was available at the time of the plea agreement. Judge Fox points to *United States v. Morgan*, 386 F.3d 376 (2d Cir. 2004), *cert. denied*, 125 S. Ct. 1354 (2005), in which the Second Circuit concluded that if a defendant could have raised an alleged constitutional violation at the time of his plea, he could not then use that claim as grounds to avoid the promise not to appeal his sentence. *See id.* at 382. In the present

case, the option of preserving a constitutional challenge to the guidelines was available to, but not taken by, the Petitioner at the time of the plea. Judge Fox thus recommends that the Petitioner be held to the parties' agreement not to appeal the sentence.

In an attempt to avoid this consequence, the Petitioner resorts to the rules that govern procedural defaults or procedural forfeitures to challenge the imposed sentence. Judge Fox finds the Petitioner's reliance on the Supreme Court's procedural default analysis in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998), unconvincing. In *Bousley*, the petitioner's only constitutional claim was that the plea was not knowing and intelligent. *Id.* at 620. Judge Fox reiterates that the Petitioner does not and cannot challenge the validity of his plea. Judge Fox further notes that in *Bousley* there was no issue concerning a promise not to appeal a sentence within the guideline range, and, as a result, nothing therein may be understood as applying to the Petitioner's failure to appeal his sentence.

## IV. Conclusion

Having reviewed the thorough and well-reasoned Report, I accept and adopt the Report. The writ of habeas corpus is denied. As stated in 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals ... (2) the certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." As the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Further, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this order would

not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 8 L.Ed. 2d, 82 S. Ct. 917 (1962).

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

White Plains, New York

Dated: September 1, 2005

Stephen C. Robinson
United States District Judge